IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-40 J |
| | ) | |
| DAVID R. SHAHRIARI, | ) | [UNDER SEAL] |
| a/k/a "David Anderson" | ) | |

INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and John J. Valkovci, Jr., Assistant United States Attorney for said district, and submits the following Indictment Memorandum to the Court:

I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Theft from a federal firearms licensee, on or about August 29, 2011. | 18 U.S.C. §§ 922(u) and 2 |

II. ELEMENTS OF THE OFFENSE

A. As to Count One:

In order for the crime of theft from a federal firearms licensee, in violation of Title 18, United States Code,

Section 922(u), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on the date set forth in the Indictment, the defendant stole or unlawfully took or carried away firearms from the premises of the person alleged in the Indictment.

> United States v. Armstead, 114 F.3d 504 (5th Cir. 1997); United States v. Terry, 424 F. Supp. 2d 1292 (M.D. Ala. 2006); 18 U.S.C. § 922(u).

2. That the person from whose premises the firearms were stolen or unlawfully taken or carried away was licensed to engage in the business of importing, manufacturing, or dealing in firearms.

> United States v. Terry, 424 F. Supp. 2d 1292 (M.D. Ala. 2006); 18 U.S.C. § 922(u).

3. That the firearms stolen or unlawfully taken or carried away were in the licensee's business inventory.

> See also United States v. Armstead, 114 F.3d 504 (5th Cir. 1997); 18 U.S.C. § 922(u).

4. That the firearms stolen or unlawfully taken or carried away had been shipped or transported in interstate or foreign commerce.

> United States v. Luna, 165 F.3d 316 (5th Cir. 1999); United States v. Hardy, 120 F.3d 76 (7th Cir. 1997); United States v. Miller, 74 F.3d 159 (8th Cir. 1996); United States v. Terry, 424 F. Supp. 2d 1292 (M.D. Ala. 2006); 18 U.S.C. § 922(u).

5. That the defendant acted knowingly.

>United States v. Langley, 62 F.3d 602 (4th Cir. 1995); 18 U.S.C. §§ 922(u) and 924(i)(1).

### III. PENALTIES

A.  As to Count One:  Theft from a federal firearms licensee (18 U.S.C. § 922(u)):

1.  A term of imprisonment of not more than ten (10) years (18 U.S.C. § 924(i)(1)).

2.  A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3.  A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2)).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed if the defendant is convicted, pursuant to 18 U.S.C. § 3013, as the offense occurred on or after April 24, 1996.

### V. RESTITUTION

Restitution shall be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663 and 3663A.

VI.  FORFEITURE

Not applicable in this case.

                        Respectfully submitted,

                        DAVID J. HICKTON
                        United States Attorney

                        JOHN J. VALKOVCI, JR.
                        Assistant U.S. Attorney
                        PA ID No. 55339

4