IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.  ) | Crim. No. 3:13-40 |
| ) | Judge Nora Barry Fischer |
| DAVID R. SHAHRIARI, ) | Magistrate Judge Keith Pesto |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

AND NOW, this 2nd day of January, 2025, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith A. Pesto on June 2, 2023, (Docket No. 66), recommending that Defendant David R. Shahriari's counseled Motion for Compassionate Release (Docket No. 59) be denied, because he failed to establish extraordinary and compelling reasons for his release under § 3582(c)(1)(A) given that, among other things, his diagnosis of long COVID was known to the Hon. Kim R. Gibson at the time of his sentencing on April 11, 2022 and that he was sentenced to a stipulated term of 70 months' incarceration pursuant to the parties' Rule 11(c)(1)(C) plea agreement, the Government's Objections filed on June 6, 2023, (Docket No. 67), providing additional information that the BOP staff advised that it had not received a request for compassionate release to the Warden at FCI Petersburg and asking that the Court also deny the motion on the basis of a lack of administrative exhaustion, Defendant's pro se filing of June 12, 2023, including a Request for Compassionate Release/Reduction in Sentence Form which is dated August 1, 2022 and which he claims he submitted to the Warden but never received a response, (Docket Nos. 68, 70), and Defendant's counseled Objections and supplement filed on June 23, 2023 and June 26, 2023, wherein he objects to the Magistrate Judge's determination that he has

1

failed to show extraordinary and compelling reasons for release, (Docket Nos. 74, 75), this matter having been recently reassigned to the undersigned for prompt disposition of Defendant's Motion and the parties' Objections, and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation in light of the relevant standards governing motions for compassionate release, *see United States v. Andrews*, 12 F.4th 258 (3d Cir. 2021), *see also* 18 U.S.C. § 3582(c)(1)(A),

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 66) is ADOPTED as the opinion of this Court, in part, as supplemented herein.

IT IS FURTHER ORDERED that Defendant's Objections (Docket No. 74) are OVERRULED;

IT IS FURTHER ORDERED that the Government's Objections (Docket No. 67) are OVERRULED, as moot;

IT IS FURTHER ORDERED that Defendant's Motion for Compassionate Release (Docket No. 59) is DENIED, as the Court declines to exercise its discretion to reduce his sentence of 70 months' incarceration. *See Andrews*, 12 F.4th at 262.

The Court notes that it need not decide the parties' continuing disputes as to administrative exhaustion because the Court concurs that Defendant has failed to demonstrate extraordinary and compelling circumstances justifying his request for a reduced sentence and, alternatively, finds that, even if he had done so, a careful review of the § 3553(a) factors in his case do not support a sentence reduction based on this record. *See* 18 U.S.C. § 3582(c)(1)(A)(i). To that end, the U.S. Court of Appeals for the Third Circuit has affirmed orders by District Courts denying motions for compassionate release to inmates who have been diagnosed with long-COVID and suffered from continuing effects of prior infections. *See e.g., United States v. Potts*, 2024 WL 1505489, at *2

(3d Cir. Apr. 8, 2024) (affirming denial of motion for compassionate release alleging extraordinary and compelling circumstances due to medical conditions including, "the effects of long COVID, asthma, chronic kidney disease, acute kidney injury, hypertension, epilepsy, and a host of other medical conditions."); *United States v. Wiktorchik*, 2024 WL 1254173, at *2 (3d Cir. Mar. 25, 2024) (motion for compassionate release denied after Defendant had been hospitalized with covid and subsequently reinfected at least twice based on consideration of the § 3553(a) factors); *United States v. Scalea*, Appeal No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) ("while [the District Court] noted Scalea's 'long COVID' symptoms (which include ongoing fatigue, bad headaches, and brain fog), the Court reviewed his health records and determined that these symptoms were being adequately treated by medical professionals and thus could not justify compassionate release."). In addition, this Court has recognized that a defendant's preexisting medical conditions which were known at the time of sentencing do not support a motion for compassionate release, absent some change in circumstances showing a worsening of medical conditions requiring additional care and treatment. *See e.g., United States v. Wysong*, No. CR 15-87, 2023 WL 5228789, at *4 (W.D. Pa. Aug. 15, 2023) ("The Court sees no basis to depart from its prior ruling that his preexisting conditions are insufficient to demonstrate extraordinary and compelling reasons for release.").

Here, Defendant's medical conditions (including his prior COVID infections and long COVID symptoms) were disclosed in the PIR, and at the April 2022 sentencing, Judge Gibson accepted the parties' Rule 11(c)(1)(C) plea agreement and imposed the stipulated sentence of 70 months' incarceration, which represented a significant variance below the advisory guidelines range of 92-115 months. (*See* PIR at ¶¶ 76; 87). Hence, the Court agrees with the R&R's assessment that the known medical conditions were already accounted for in the below-guidelines

3

sentence imposed by the Court. (Docket No. 66). "Thus, the parties entered into a bargained-for contract, accepted by the Court, and both sides expected the agreement would be enforced. While the Court may have the authority to upset a carefully crafted and approved bargain, it declines to do so in this case." *United States v. Portis*, No. CR 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024) (internal citation omitted).

With that said, even if Defendant had met his burden to show extraordinary and compelling reasons for release, the risks presented by his medical conditions and the COVID-19 pandemic do not outweigh the other § 3553(a) factors supporting the 70-month term of incarceration in his case. *See Pawlowski*, 967 F.3d at 330. The Court has carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

In this Court's estimation, the 70-month sentence accounts for the gravity of the offense conduct and Defendant's criminal history, as he:

- is 40 years old and has been incarcerated since February of 2020 through the present, a period of nearly 5 years;

- has a significant prior criminal history placing him in criminal history category VI with numerous juvenile adjudications and adult convictions between the ages of 16 and 30;

- was convicted of theft of a firearm from a licensed dealer after he and another individual committed a robbery from a federal firearms dealer in DuBois on August 29, 2011, smashing windows and displays and stealing eight handguns;

- was interviewed by ATF agents in October of 2013 while he was living in South Carolina at which time he admitted his involvement in the offense but then subsequently fled the country, spending the

>next several years overseas in Iran, Turkey and Laos, where he was eventually apprehended on January 16, 2020.

(PIR at ¶¶ 11-18; 34-55). As the Government points out, the parties' negotiations resolving the case also resulted in Defendant not facing any additional charges or enhancements for his flight from prosecution. *See* U.S.S.G. § 3C1.1; *see also* 18 U.S.C. § 1073.

The primary bases for Defendant's motion are his medical conditions and he has not presented the Court with any evidence of post-rehabilitation efforts nor his participation in BOP programming, if any. (Docket Nos. 59; 68; 70; 74). It also appears that he is scheduled for release in the near future which the Court assumes is due to the application of good time and/or First Step Act credits. However, there remains a need to deter Defendant from committing additional crimes because his prior interactions with the criminal justice system were insufficient to dissuade him from engaging in the instant offense or from fleeing prosecution. *See* 18 U.S.C. § 3553(a)(2). Finally, the 70-month sentence provides general deterrence to others and also promotes respect for the law while the sentence reduction requested by the defense "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

For all of these reasons, the Court finds that the 70-month sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case and declines to exercise its discretion to reduce Defendant's sentence at this time.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: January 2, 2025

cc/ecf: Magistrate Judge Keith A. Pesto

>All counsel of record.